■ In the Matter of STEVEN ELGHANAYAN et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 279 EAST 44TH STREET TENANTS' ASSOCIATION, Intervenor-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Eugene L. Nardelli, J.), entered April 26, 1991, which, *inter alia,* denied petitioners' application pursuant to CPLR article 78 to annul respondent's determination denying their application for a major capital improvement (MCI) rent increase, and dismissed the petition, unanimously affirmed, without costs.

Petitioners, owners of a residential apartment building, expended approximately $210,000 on the installation of an oil fired heating system, replacing a prior heating system that utilized steam supplied by the public utility. Respondent's ultimate rejection of petitioners' application for a permanent rent increase had a rational basis and will not be disturbed *(Matter of Forest Hills Tenants Assn. v Joy,* 91 AD2d 912, *affd* 59 NY2d 1007). Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (2) (i), applicable to this post-April 1, 1984 MCI rent increase application, requires that the item being replaced satisfy respondent's useful life schedule, unless respondent approves a waiver thereof. Respondent has determined, in the course of these administrative proceedings and in its issuance of the useful life schedule contemplated by the above regulation, that the steam system, operated and maintained by a public utility, Consolidated Edison, had an indefinite useful life. Petitioners have failed to undermine this conclusion, having shown no more than it was convenient and advantageous to them to undertake this conversion. Concur—Carro, J. P., Wallach, Asch, Smith and Rubin, JJ.